**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 97-4736

RONALD LEE HUTCHINSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-37)

Submitted: April 28, 1998

Decided: May 29, 1998

Before ERVIN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Wayne Roy Morgan, Jr., Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, James B. Comey, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Lee Hutchinson appeals his convictions for conspiracy to possess and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841, 846 (1994) (Counts I, IX), possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 (1994) (Counts II-IV), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994) (Counts V-VII, X-XI), possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (1994) (Count VIII, XII), and aiding and abetting in violation of 18 U.S.C. § 2 (1994) (Counts II-XII). Hutchinson was sentenced to 172 months' imprisonment on Counts I-IV and IX, 120 months' imprisonment on Counts V-VII, X-XI, and sixty months' imprisonment on Counts VIII and XII, all sentences to be served concurrently. Hutchinson was also sentenced to twelve concurrent three year terms of supervised release. Hutchinson contends that: (1) the evidence was insufficient to support his conviction on Counts IX-XI; (2) the district court erred in admitting an out-of-court statement; and (3) the district court erred in admitting testimony from an expert government witness regarding an ultimate issue. We affirm.

We have reviewed the record and the briefs of the parties and hold that the evidence was sufficient for a reasonable jury to find Hutchinson guilty of possession of a firearm by a convicted felon and possession with the intent to distribute heroin. See Glasser v. United States, 315 U.S. 60, 80 (1942); see also United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995). Upon execution of a search warrant of Sheila Pate's residence, where Hutchinson was observed on several occasions, law enforcement authorities found $9600, a police scanner, a set of digital scales, two firearms with obliterated serial numbers, a cutting agent known as inositol, and fifty-four grams of heroin found in the false bottom of a fire extinguisher. At trial, the defendant stipulated that he was a convicted felon and that the firearms had previously been transported in interstate commerce. The facts clearly establish every element of the offense beyond a reasonable doubt.

Hutchinson's challenges to the district court's evidentiary rulings are reviewed for an abuse of discretion, and such rulings are subject

2

to a harmless error analysis. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). "[I]n order to find a district court's error harmless, we need only be able to say `with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" Id. (quoting United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995)). Without deciding whether the district court erred by admitting Richmond Police Detective Mark Dunn's testimony, pursuant to Fed. R. Evid. 804(b)(5), that Robin Hutchinson told Dunn that Hutchinson stored drugs in small safes in the crawl space of the house, we find that any error was harmless. Given the overwhelming evidence against Hutchinson, the jury's findings of guilt are well supported such that any error in admitting the statement was harmless. See Idaho v. Wright, 497 U.S. 805, 823 (1990); see also Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986).

Hutchinson also contends that the district court erred in admitting Detective Dunn's statement that Hutchinson was a"narcotics distributor." Dunn was qualified without objection as an expert in the methods and means of narcotics trafficking. The evidence established that Hutchinson was involved in three prior drug transactions with an undercover agent and, further, that when arrested in his home on February 28, 1997, he was surrounded by "tools of the drug trade." We find that the admission of Dunn's statement was harmless given the weight of the factual evidence which established Hutchinson's complicity in the drug distribution conspiracy. See Chapman v. California, 386 U.S. 18, 22-24 (1967); see also Brooks, 111 F.3d at 371.

Hutchinson's convictions and sentences are accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3